IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **SHERRI L. SAUNDERS** ) | **CASE NO.** | |
| **540 WASHINGTON AVENUE** ) | | |
| **LORAIN, OH 44052** ) | | |
| ) | **JUDGE** _____ | |
| **vs.** ) | | |
| ) | | |
| **CITY OF LORAIN** ) | **Magistrate** _____ | |
| **200 WEST ERIE AVENUE** ) | | |
| **LORAIN, OH 44052** ) | | |
| ) | | |
| **and** ) | **COMPLAINT FOR DECLARATORY** | |
| ) | **RELIEF, INJUNCTIVE RELIEF** | |
| **CITY OF LORAIN POLICE DEPT.** ) | **AND MONETARY DAMAGES** | |
| **200 WEST ERIE AVENUE** ) | **(PURSUANT TO 42 U.S.C. §1983,** | |
| **LORAIN, OH 44052** ) | **U.S. CONSTITUTION:** | |
| ) | **AMENDMENTS IV,V,IX,X AND XIV,** | |
| **and** ) | **OHIO CONSTITUTION:** | |
| ) | **ART. 1 §§ 01,02,14 AND 20, AND** | |
| **CHIEF CEL RIVERA** ) | **O.R.C. §2933.32)** | |
| **CITY OF LORAIN POLICE DEPT.** ) | | |
| **200 WEST ERIE AVENUE** ) | **JURY DEMAND** | |
| **LORAIN, OH 44052** ) | | |
| ) | | |
| **and** ) | | |
| ) | | |
| **OFFICER MICHAEL GIDICH** ) | | |
| **CITY OF LORAIN POLICE DEPT.** ) | | |
| **200 WEST ERIE AVENUE** ) | | |
| **LORAIN, OH 44052** ) | | |
| ) | | |
| **and** ) | | |
| ) | | |
| **OHIO STATE HIGHWAY PATROL** ) | | |
| **DISTRICT HEADQUARTERS** ) | | |
| **2855 WEST DUBLIN-GRANVILLE RD** ) | | |
| **COLUMBUS, OH 43235** ) | | |
| ) | | |
| **and** ) | | |

1

|  |  |
|---|---|
| **COLONEL JOHN T. BORN** | ) |
| **OHIO STATE HIGHWAY PATROL** | ) |
| **DISTRICT HEADQUARTERS** | ) |
| **2855 WEST DUBLIN-GRANVILLE RD** | ) |
| **COLUMBUS, OH 43235** | ) |
|  | ) |
| and | ) |
|  | ) |
| **TROOPER CLIFFTON DOWELL #1250** | ) |
| **OHIO STATE HIGHWAY PATROL** | ) |
| **ELYRIA PATROL POST** | ) |
| **38000 CLETUS DRIVE** | ) |
| **NORTH RIDGEVILLE, OH 44039** | ) |
|  | ) |
| and | ) |
|  | ) |
| **TROOPER AJ TORRES** | ) |
| **OHIO STATE HIGHWAY PATROL** | ) |
| **ELYRIA PATROL POST** | ) |
| **3800 CLETUS DRIVE** | ) |
| **NORTH RIDGEVILLE, OH 44039** | ) |
|  | ) |
| and | ) |
|  | ) |
| **SGT CHRISTOPHER MIDKIFF #0520** | ) |
| **OHIO STATE HIGHWAY PATROL** | ) |
| **ELYRIA PATROL POST** | ) |
| **3800 CLETUS DRIVE** | ) |
| **NORTH RIDGEVILLE, OH 44039** | ) |
|  | ) |

## JURISDICTION

1. This court has subject matter jurisdiction of this action under 28 U.S.C. §§1331,

    1343(A)(3), (4), 42 U.S.C. §2000d and supplemental jurisdiction pursuant to 28

    U.S.C. §1367.

2. Venue is proper in this Honorable Court pursuant to 28 U.S.C. §1391(b)(2) because the

    Ohio State Highway Patrol maintains office throughout the district, defendants and

Plaintiff reside in this district, and all relevant actions occurred within the territorial confines of this district.

## PARTIES

3. Plaintiff is a citizen of the United States and resident of the State of Ohio and City of Lorain, Lorain, Ohio 44052;

4. Defendant CITY OF LORAIN is a political subdivision of the State of Ohio, duly organized and operating as an entity under the laws and authority of the State of Ohio;

5. Defendant CITY OF LORAIN POLICE DEPARTMENT is an authorized department working under the authority, approval and supervision of the City of Lorain, empowered to arrest and detain and otherwise enforce the laws of the State of Ohio as well as the ordinances of the City of Lorain;

6. Defendant CHIEF CEL RIVERA is the chief of the City of Lorain Police Department and responsible for supervision, training and policy making for that department. He is being sued in his individual and official capacity.

7. Defendant OFFICER MICHAEL GIDICH is an duly authorized and employed officer for the City of Lorain Police Department and was present during the incidents and allegations giving rise to this Complaint and participated in Plaintiff's arrest, and is being sued in his individual and official capacity;

8. Defendant Ohio State Highway Patrol ("Highway Patrol" or "O.S.H.P.") is a state law enforcement agency. Pursuant to Ohio Revised Code §5503.01 et seq., the O.S.H.P. is empowered to enforce the laws of the State of Ohio. Further, O.S.H.P. is a recipient of federal grants and other funding;

9. Defendant Colonel JOHN T. BORN is the Superintendent of the Ohio State Highway Patrol and authorized policy maker for Defendant Ohio State Highway Patrol, is being sued in both his official and individual capacity;

10. Defendant Trooper CLIFFTON D. DOWELL (Badge #1250) is a trooper with the Ohio State Highway Patrol and arresting officer in the incident giving rise to the underlying Complaint, and is being sued in his official and individual capacity;

11. Defendant Sergeant CHRISTOPHER MIDKIFF (Badge #0520) is a supervisor with the Ohio State Highway Patrol and was the approving supervisor at all times pertinent to the allegations contained in this Complaint;

12. Defendant TROOPER AJ TORRES participated in, observed, assisted, and acquiesced in all times and facts relevant to the underlying Complaint;

13. At all times pertinent hereto, all Defendants were acting under the color of state law and their conduct constituted state action;

14. At all times pertinent and relevant Defendants are being sued in their individual capacity as well as their professional and official capacity;  At all times relevant to this complaint the Defendants were acting in both their professional and personal capacity.

## FACTUAL BACKGROUND INFORMATION

15. On November 6, 2010, Plaintiff was a passenger in a vehicle travelling Westbound on E. 28th St. at Broad Avenue and turning right on to Reid Avenue, Lorain, Ohio 44052;

16. The car Plaintiff was travelling in continued on Reid Avenue for approximately five (5) blocks until the vehicle was stopped by Defendant Trooper Cliffton D. Dowell;

17. Trooper Cliffton D. Dowell was on duty in Lorain, Ohio patrolling on behalf of the Ohio State Highway Patrol;

18. Trooper Cliffton D. Dowell pulled the vehicle over based on an allegation that he observed the vehicle that Plaintiff was travelling in as a passenger run a red traffic light at Broadway and W. 28th;

19. Trooper Cliffton D. Dowell proceeded to remove the Driver of the vehicle for field sobriety testing;

20. Trooper Cliffton D. Dowell did not indicate any justification or articulable reason for subjecting the vehicle's driver to field sobriety testing;

21. Trooper Cliffton D. Dowell then removed both the front and rear passengers from the vehicle;

22. Trooper Cliffton D. Dowell then entered the vehicle to allegedly move the vehicle and allegedly noticed a "small white rock-like substance on the front passenger seat";

23. Officer Michael Gidich allegedly tested the material and determined the material to be cocaine;

24. Trooper Cliffton D. Dowell then allegedly read Plaintiff her Miranda Rights and searched Plaintiff;

25. Trooper A J Torres allegedly observed Defendant Dowell reading Plaintiff her Miranda Rights;

26. Trooper Cliffton D. Dowell then discovered Plaintiff possessed two (2) round pills marked with an Imprint "512";

27. Plaintiff admitted at the time the pills were Percocet and explained that she had a prescription for the pills;

28. Officer Michael Gidich contacted CVS Pharmacy and confirmed that the pills were Percocet;

29. At all times Defendants' were acting with knowledge and acquiescence of their respective supervisors, including Sgt. Midkiff;

30. At all times Defendants' were acting with the knowledge, supervision and guidance of department policies of both City of Lorain Police Department and the State of Ohio Highway Patrol;

31. Plaintiff denied that any discovered alleged crack cocaine was hers;

32. Plaintiff told the Defendants that she had a prescription for the prescription medications on her person;

33. Plaintiff was subsequently arrested and transported to Lorain County Jail where she was incarcerated;

34. Plaintiff was charged with Posession of a scheduled II substance (R.C. §2925.11(C)(4), F-5) and Possession of Crack-Cocaine (R.C. §2925.11(C)(1), F-5);

35. Plaintiff was arraigned on November 8, 2012,

36. On November 9, 2012, the shift supervisor Sgt. Christopher Midkiff reviewed the matter and approved and ratified the actions of Defendant Trooper Dowell and Lorain Officer Gidich;

37. The matter was presented to the Grand Jury on December 22, 2010, which found no indictment;

38. Defendants' had no rational basis, no legitimate state purpose, no important state interest and not substantially related to serving an important state interest nor for any legitimate defendable and/or articulable reason for their actions;

39. Defendants' acted knowingly and intentionally or with reckless disregard for Plaintiff's rights;

## COUNT I: VIOLATION OF CONSTITUTIONAL RIGHTS

40. This is an action brought by the plaintiff who, under color of statute, ordinance, regulation, custom and/or usage of the Defendants in this matter, was subjected to the deprivation of rights, privileges, and/or immunities secured the U.S. Constitution and Laws, including but not limited to 42 U.S.C. §1983, by the abusive, discriminatory and arbitrary conduct, as well as arrest and imprisonment without probable cause, of Plaintiff by Defendants' acting in conjunction, coordination, and with the approval of each other;

41. Defendant Trooper Dowell did not have reasonable suspicion or probable cause to believe unlawful activity was occurring or any valid reason to initiate a stop of the vehicle Plaintiff was travelling as a passenger in;

42. Defendant Trooper Dowell did not have cause or legal justification to remove the driver from the vehicle and subject said individual to Field Sobriety Tests or any other investigatory technique;

43. Defendant Trooper Dowell had no justification or legal justification for removing any of the passengers from the vehicle including Plaintiff and acted knowingly and intentionally with recklessness and callous disregard for Plaintiff's constitutional rights;

44. Defendant Trooper Dowell did not have probable cause or reasonable suspicion to believe any drugs or illegal substances were present in the vehicle or that any drugs which may have been present were the property of Plaintiff or in her possession;

7

45. Defendants, including Defendant Michael Gidich, incorrectly or inaccurately tested or communicated the results of any test allegedly performed regarding the identity of any alleged substance observed;

46. Defendants had no probable cause to believe that the Plaintiff's Percocet pills were not prescribed to her as she described to the Trooper and arresting Officers;

47. Defendants' wrongfully detained, arrested, and incarcerated Plaintiff, without legal justification;

48. Defendants had no probable cause or reasonable suspicion or other legal justification for initiating and pursuing legal process against Plaintiff;

## COUNT II:  FAILURE TO TRAIN and/or SUPERVISE

49. Plaintiff hereby incorporates paragraphs 1 through 48 by reference as if fully rewritten herein.

50. Defendants City of Lorain, City of Lorain Police Department, Chief Cel Rivera, Ohio State Highway Patrol and Sgt. Christopher Midkiff have an obligation to protect the public, at a minimum pursuant to public policy, through the proper and adequate and ongoing training of police officers and staff in policies, procedures, and actions in compliance with the U.S. Constitution, Ohio Constitution, Federal and Ohio State Rules and Regulations, as well as local rules and regulations.

51. Specifically Defendants failed to train Troopers and Lorain City Officers

52. Defendants failed in this obligation, which failure was the direct and indirect cause of injury to Plaintiff;

53. Defendants will continue to engage in actions which include a failure to adequately supervise and train subordinates and staff unless enjoined from doing so in the future;

54. Plaintiff is entitled to compensation and attorney fees pursuant to Ohio Law and 42 U.S.C. §1988 and §1983.

### COUNT III: MALICIOUS PROSECUTION

55. Plaintiff hereby incorporates paragraphs 1 through 54 by reference as if fully rewritten herein.

56. Plaintiff was arrested by Defendants without probable cause;

57. Defendants demonstrated malice in instituting and continuing the prosecution of Plaintiff following her arrest for possession of schedule II medication and other illicit substances;

58. Defendants prosecution and pursuit of charges against Plaintiff resulted in a grand jury determination that probable cause did not exist and no indictment issued;

59. Plaintiff's person was seized without probable cause during the course of the instituted proceedings;

60. Plaintiff should be adequately compensated for Defendants' actions and Defendants should be enjoined from instituting legal process and detaining, arresting and incarcerating individuals without probable cause or reasonable suspicion in the future.

### COUNT IV: FALSE ARREST

61. Plaintiff hereby incorporates paragraphs 1 through 60 by reference as if fully rewritten herein.

62. Defendants deprived Plaintiff of his liberty without lawful justification when she was seized and arrested, without probable cause or lawful justification, in violation of her rights including to be free from unlawful deprivations of liberty for alleged

possession of an alleged illicit substance for which there was no support it was in her possession and for prescription medications by Defendants.

63. Defendants had no lawful justification for detaining Plaintiff as it relates to her on November 6, 2010.

64. Defendants will continue to engage in actions which include violations of Plaintiff's and others Constitutional Rights unless enjoined from doing so in the future.

### COUNT V: FALSE IMPRISONMENT

65. Plaintiff hereby incorporates paragraphs 1 through 64 by reference as if fully rewritten herein.

66. Plaintiff was arrested, detained and confined by Defendants without lawful justification or lawful privilege.

67. Defendants acted with the intent of depriving Plaintiff of his liberty, detaining and confining her without lawful privilege to do so.

68. At no time did Plaintiff consent to the deprivation of her liberty, his detainment or confinement by Defendants.

69. Plaintiff should be adequately compensated for Defendants' actions and Defendants should be enjoined from similarly depriving Plaintiff or others similarly situated of their freedom and liberty in the future.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter the following judgment:

a. Declaring as unconstitutional the policy of arresting in all domestic violence scenarios, regardless of evidentiary support or investigation as applied to Plaintiff in this action,

b. Enter a preliminary and permanent injunction restraining and enjoining the Defendant's from undertaking, enforcing, maintaining, or adopting any policies, procedures, practices, or acts of arresting individuals without probable cause and without regard to evidentiary support.

c. Awarding Plaintiff compensatory damages in an amount in excess of seventy-five thousand dollars ($75,000.00).

d. Awarding punitive damages in an amount determined by the trier of fact to be sufficient to punish each defendant against whom such damages are awarded and determine to be sufficient to deter similar conduct in the future,

e. Awarding Plaintiff costs of suit, including attorney fees.

f. Awarding Plaintiff all other relief that is just, proper, and equitable.

Respectfully submitted,

_____
Daniel F. Maynard, Esq. (0081418)
Maynard & Associates,
Attorneys at Law LLC
Attorneys for Plaintiff
246 West Liberty Street
Medina, Ohio  44256
Telephone: (330) 725-2116
maynard.daniel@maynardlawoffices.com

**JURY DEMAND**

Plaintiffs hereby demand a trial by the maximum number of jurors permitted by law in the matter herein.

_____
Daniel F. Maynard, #0081418
Attorney for Plaintiff